3:25-cv-00895-ECM-CWB

# Jamal_Williams_v_Donaldson_TitleVII_Complaint_2025

RECEIVED 2025 NOV 12 P 1:38 TREY GRANDERSON U.S. DISTRICT COURT MIDDLE DISTRICT AL.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

MONTGOMERY DIVISION

RECEIVED
2025 NOV 12 P 1:38
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

Jamal Williams,

Plaintiff,

v.

Donaldson Company, Inc.,

Defendant.    Case No. 3:25-cv-00895-ECM-CWB

**COMPLAINT FOR RETALIATION AND WRONGFUL TERMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT**

# I. INTRODUCTION

1. Plaintiff Jamal Williams ("Plaintiff") brings this civil action pro se under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), for retaliation and wrongful termination following protected complaints of unfair treatment and harassment in the workplace.

# II. JURISDICTION AND VENUE

2. Jurisdiction is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331 because this action arises under federal law.

3. Venue is proper in the Middle District of Alabama because the unlawful employment practices occurred at Defendant's Auburn, Alabama facility.

# III. PARTIES

4. Plaintiff Jamal Williams is a resident of Tallassee, Alabama.

5. Defendant Donaldson Company, Inc. ("Donaldson") is a manufacturing company located at 246 Enterprise Drive, Auburn, AL 36830.

# IV. FACTUAL ALLEGATIONS

6. On or about **April 30, 2025,** Plaintiff submitted a written complaint to Human Resources regarding his supervisor, **Helen Black,** for unfair treatment and harassment on the

production line.

7. Shortly after filing this complaint, Plaintiff began experiencing retaliation.

8. On **June 6 and June 9, 2025**, Plaintiff was issued disciplinary write-ups containing false and exaggerated claims. He was accused of "abusing the bathroom" although other employees were allowed to leave the line without consequence.

9. Plaintiff continued reporting unfair treatment by Helen Black and others to HR, including HR representative **Jay Harris**, but HR failed to investigate or correct the issues.

10. Instead, the company escalated retaliation with further write-ups on **June 30 and July 1, 2025**, and then suspended Plaintiff on **July 7, 2025**, following previously approved bereavement leave.

11. Plaintiff was later notified by phone that he had been terminated in **late July 2025**.

12. The stated reasons for termination were pretextual and inconsistent with Defendant's treatment of other employees, including white employees who engaged in similar or more serious conduct without discipline.

13. Plaintiff timely filed a charge of retaliation with the **Equal Employment Opportunity Commission (EEOC)** and received a **Right-to-Sue Letter dated August 15, 2025**.

14. Plaintiff has exhausted all administrative remedies required under Title VII.

## V. STATEMENT OF EMOTIONAL AND CAREER HARM

15. As a result of Defendant's retaliatory actions and wrongful termination, Plaintiff has suffered severe emotional distress and career damage.

16. Plaintiff has experienced anxiety, sleeplessness, fatigue, headaches, and depression since being targeted and terminated.

17. He has withdrawn from normal activities such as attending church and socializing due to emotional exhaustion.

18. The stress and retaliation caused visible physical effects and continuous mental strain.

19. Professionally, Plaintiff lost the opportunity to advance into a maintenance role for which Donaldson had indicated support for training. His termination blocked that career path and damaged his reputation and earning potential.

## VI. CLAIM FOR RELIEF – RETALIATION UNDER TITLE VII

20. Defendant's actions in disciplining, suspending, and terminating Plaintiff after he engaged in protected activity constitute unlawful retaliation in violation of 42 U.S.C. § 2000e-3(a).

21. Defendant's conduct was intentional and done with reckless disregard for Plaintiff's federally protected rights.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award back pay and lost wages;

C. Award compensatory damages for emotional distress and career harm;

D. Award punitive damages to deter future retaliation;

E. Grant all equitable relief deemed just and proper, including a fair settlement; and

F. Award Plaintiff his costs and any additional relief the Court deems appropriate.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

**Jamal Williams**

309 Riverside Ave

Tallassee, AL 36078

Email: WilliamsJamal2002@gmail.com

Phone: 706-415-6448

Date: 08-6-2025

Signature: *[signed]*

Jamal E. Williams
309 Riverside Ave.
Tallassee, Alabama 36078

CERTIFIED MAIL
9589 0710 5270 3131 0482 21

U.S. POSTAGE PAID
FCM LG ENV
MONTGOMERY, AL 36123
NOV 05, 2025
36104
$7.20
RDC 99
S2324d502192-44

Clerk of Court - Civil Division
U.S. District Court, Middle District of Alabama
ATTN: Employment Discrimination Complaint (Title VII Retaliation)
One Church Street
Montgomery, AL 36104